IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICO WOFFORD,<br><br>     Petitioner,<br><br>vs.<br><br>CRAIG GABLE, TSCI Warden; and ROB JEFFREYS, NDCS Director;[1]<br><br>     Respondents. | 8:23CV464<br><br>MEMORANDUM AND ORDER |

   This matter is before the Court on preliminary review of Petitioner Nico Wofford's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254 and filed on October 24, 2023. Petitioner states in his petition that he was convicted after a jury trial in the District Court of Douglas County, Nebraska, of use of a weapon to commit a felony and discharging a firearm at an occupied dwelling and was sentenced on October 13, 2016, to 40 to 60 years' imprisonment. Filing No. 1 at 1–2. Petitioner filed a direct appeal, and the Nebraska Supreme Court affirmed his convictions and sentences on December 15, 2017. *Id*. at 2; *see also State v. Wofford*, 904 N.W.2d 649 (Neb. 2017).

   Petitioner filed a motion for postconviction relief on or about December 18, 2018, and the state district court denied his motion without an evidentiary hearing on March 7, 2019. Filing No. 1 at 3, 19. Petitioner did not appeal the denial of his postconviction motion. *Id*. at 5. On April 27, 2023, Petitioner alleges he filed a second postconviction motion, which the state district court denied on that same date. *Id*. at 4, 14–15. Petitioner appealed from the denial of his motion, but the Nebraska Court of Appeals

---

[1] The Court has corrected the spelling of Respondent Rob Jeffrey's name in the caption and will direct the Clerk of the Court to update the Court's records to reflect the correct spelling.

determined that Petitioner's appeal was untimely and his petition for further review was ultimately denied on September 12, 2023. Id. at 5, 14–15.

It appears from the face of the petition that Petitioner's claims may be barred by the statute of limitations because the petition was filed more than one year after Petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1). However, in order to ensure a just and fair resolution of this matter, the Court will enter an order progressing this case to final resolution. Respondent should be mindful of, and if necessary respond to, Petitioner's arguments in favor of equitable tolling and a state-created impediment that prevented him from timely filing his habeas petition. See Filing No. 1 at 34–35.

Petitioner also filed a motion seeking a free copy of his petition as he was unable to make a copy for his records "[d]ue to limited access to the library" and his desire "to file [his] petition without delay." Filing No. 8. Pursuant to 28 U.S.C. § 2250,

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Petitioner is proceeding in forma pauperis here, and, upon consideration, the Court concludes Petitioner has demonstrated a need for the copy of his petition which he requests. See Cassidy v. United States, 304 F. Supp. 864, 867–68 (E.D. Mo. 1969), aff'd, 428 F.2d 585 (8th Cir. 1970) ("The matter of granting a motion to produce copies of documents under section 2250, and if granted, what copies are to be furnished, is within the discretion of the court. Congress did not intend that documents should be furnished without a showing of need."). Accordingly, the Court will grant Petitioner's motion and direct the Clerk to provide Petitioner with a copy of his habeas petition, Filing No. 1.

2

IT IS THEREFORE ORDERED that:

1. By **August 12, 2024**, Respondents must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **August 12, 2024**: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

2. If Respondents elect to file a motion for summary judgment, the following procedures must be followed by Respondents and Petitioner:

    A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C. Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief must be served on Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondents' motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the

3

designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the Court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondents must file an answer, a designation and a brief that complies with terms of this order. *See* the following paragraph. The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

3. If Respondents elect to file an answer, the following procedures must be followed by Respondents and Petitioner:

A. By **August 12, 2024**, Respondents must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondents must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondents' brief must be served on Petitioner at the time they are filed with the Court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondents' answer and brief. In the event that the designation of state court records is deemed insufficient by

|   |   |
|---|---|
|   | Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims. |
| D. | No later than 30 days after Respondents' brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court. |
| E. | No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the Court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision. |
| F. | The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **September 11, 2024**: check for Respondents' answer and separate brief. |

4. No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

5. The Clerk of the Court is directed to update the Court's records to reflect the correct spelling of Respondent Rob Jeffreys' last name as "Jeffreys."

6. Petitioner's motion for a copy of his petition, Filing No. 8, is granted. The Clerk of the Court is directed to send to Petitioner a copy of his habeas petition, Filing No. 1.

6

Dated this 27th day of June, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge