IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICO WOFFORD,<br><br>                 Petitioner,<br><br>vs.<br><br>CRAIG GABLE, TSCI Warden; and ROB JEFFREYS, NDCS Director;<br><br>                 Respondents. | 8:23CV464<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Petitioner's Motion for Extension of Time, Filing No. 19, and Motion for Appointment of Counsel, Filing No. 20. Each motion will be addressed in turn.

### I. MOTION FOR EXTENSION OF TIME

In his motion dated September 20, 2024, and filed in this Court on October 1, 2024, Petitioner asks for "a ninety-day extension of time to file a reply to the Respondent's response to this Court's Order to Show Cause why a Writ of Habeas Corpus Should Not Be Granted." Filing No. 19. The Court has not entered any order to show cause but assumes Petitioner seeks additional time to respond to Respondent's Motion for Summary Judgment, Filing No. 13, and supporting brief, Filing No. 16, filed on September 11, 2024. Before the Court was able to address Petitioner's Motion for Extension of Time, Petitioner filed his Response to Respondent's Motion for Summary Judgment, Filing No. 22, on October 17, 2024. Thus, upon consideration, Petitioner's Motion for Extension is granted to the extent that Petitioner's Response filed on October 17, 2024, is deemed timely.

## II.  MOTION FOR APPOINTMENT OF COUNSEL

In a motion also filed on October 1, 2024, Petitioner requests the appointment of counsel as he is unable to afford counsel, his incarceration limits his ability to properly litigate the complex issues in this case, he "has little to no knowledge of law," and his confinement in administrative segregation limits his access to the law library.  Filing No. 20 at 1.  "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997).  As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required.  *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).  *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

Despite his professed limitations, Petitioner has litigated this matter appropriately, his pleadings are clear and well-written, and he has already filed a timely response to Respondent's summary judgment motion.  Accordingly, upon careful review of the record, the Court finds there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Extension of Time, Filing No. 19, is granted to the extent that Petitioner's Response, Filing No. 22, is deemed timely filed.

2

2.	Petitioner's Motion for Appointment of Counsel, Filing No. 20, is denied without prejudice to reassertion.

3.	Respondent shall have until November 18, 2024, to file and serve a reply brief in accordance with the Court's June 27, 2024, progression order, Filing No. 9.

4.	The Clerk of Court is directed to set a pro se case management deadline using the following text: **November 18, 2024**: Respondent's reply brief due.

Dated this 22nd day of October, 2024.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge