IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICO WOFFORD,<br><br>    Petitioner,<br><br>vs.<br><br>CRAIG GABLE, TSCI Warden; and ROB JEFFREYS, NDCS Director;<br><br>    Respondents. | 8:23CV464<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Respondents' Objection to Petitioner's Response to Reply Brief and Motion to Strike (hereinafter "Objection"), Filing No. 29, and Petitioner's Motion to Strike, Filing No. 32. As explained below, both Respondents' Objection and Petitioner's Motion to Strike will be denied.

On December 17, 2024, the Court granted Petitioner leave to file and serve a brief in response to Respondents' reply brief by February 14, 2025, stating, "If Petitioner does not file a brief by the **February 14, 2025**, deadline, this matter will be considered fully submitted and ripe for decision. Given the length of the extension, **no further extensions shall be granted**." Filing No. 27 (emphasis in original). On February 20, 2025, the Court received and filed Petitioner's Response to Respondents' Motion for Summary Judgment (the "Response"). Filing No. 28. On February 21, 2025, Respondents filed their Objection and move to strike the Response as untimely filed. Filing No. 29. Petitioner filed a response to the Objection on February 28, 2025. Filing No. 31.

Respondents ask the Court to strike Petitioner's Response solely because it was filed after the February 14, 2025, deadline, and "the postage on the filing shows it was

not mailed until February 18, 2025, after the deadline had already passed." Filing No. 29 at 1 (citing Filing No. 28 at 105). In his response to the Objection, Petitioner states that "he wrote for additional postage on Feb[ruary] 13, 2025, but wasn't able to sign off on his check till [sic] the 14th due to having to wait to receive the check." Filing No. 31 at 1 (spelling and punctuation corrected). Petitioner further states he "turned his legal mail into" a prison staff member on the morning of February 14, 2025, after receiving the check and the staff member told Petitioner he would take Petitioner's mail to the mail room at 1:00 p.m. and the mail would be picked up at 3:00 p.m. Id. Petitioner attached to his response a copy of an Inmate Interview Request ("IIR") dated February 13, 2025, in which Petitioner asked "for any additional postage" and a copy of a check stub addressed to the mail room by Petitioner and posted on February 14, 2025. Id. at 3–4. Both the IIR and check stub were signed or acknowledged by prison staff days after Petitioner placed them in the mail. Id. Petitioner asserts that he "has no control of his mail once he hands it over to [prison staff]." Id. at 2.

Upon careful consideration, and in the interests of justice, the Court deems Petitioner's Response timely filed pursuant to the prison mailbox rule. "Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline." United States v. Harrison, 469 F.3d 1216, 1217 (8th Cir. 2006). Petitioner's response to Respondents' Objection and the attachments thereto demonstrate that Petitioner delivered his Response to prison officials for mailing on February 14, 2025, and, thus with the benefit of the prison mailbox rule, Petitioner's Response was filed on that date. Accordingly, Respondents'

Objection to Petitioner's Response is overruled and denied. The Court will consider Petitioner's Response in ruling on Respondents' summary judgment motion.

Petitioner has also filed his Motion to Strike Respondents' response "as untimely filed due to not meeting the Court's March 14 deadline." Filing No. 32. The Court is unsure to what response Petitioner is referring as Respondents were not ordered to file any response by March 14. Accordingly, Petitioner's Motion to Strike is denied.

IT IS THEREFORE ORDERED that:

1. Respondents' Objection and Motion to Strike, Filing No. 29, is overruled and denied.

2. Petitioner's Motion to Strike, Filing No. 32, is denied.

3. This matter is now fully submitted and ripe for decision. The Court will issue a ruling in its normal course of business.

Dated this 16th day of April, 2025.

BY THE COURT:

*Joseph F. Bataillon*
Joseph F. Bataillon
Senior United States District Judge